# Harmony Electric Company *v.* The Public Service Commission.

*Public Service Company Law—Public Service Commission—Approval of charter—Electric companies—Exclusive territory.*

The action of the Public Service Commission in approving a charter of an electric light and power company operated by steam power will not be reversed, where it appeared that the company was chartered for the purpose of supplementing the capacity of a hydro-electric power company already engaged in supplying a particular territory.

Under such circumstances, the protest of a third company, which was not furnishing electricity to the proposed territory, on the ground that the incorporation of the new company was an infringement of the exclusive franchise of the protestant company, was properly dismissed.

Argued May 8, 1917.  Appeal, No. 175, April T., 1917, by Harmony Electric Company, from order of the Public Service Commission of Pennsylvania approving incorporation of Connoquenessing Lawrence Light and Power Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Protest against approval of charter of Connoquenessing Lawrence Light and Power Company.

The opinion in this case was handed down by the Superior Court on December 13, 1917, together with several other opinions reported in 68 Pa. Superior Ct. 351, 355. Through an error the present opinion was thought to be the same as the other opinions delivered at the same time and a note to that effect was inserted in the report of the case.  (See p. 355, 68 Pa. Superior court.)

Since that time the attention of the State Reporter has been called to the fact that the opinion in this case differs somewhat from those in the other cases, and it has been deemed advisable to report the same.  Other facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the commission approving the charter.

*J. Norman Martin* and *Walter Lyon,* for appellant.

*Ralph J. Baker,* for intervening appellee.

*Berne H. Evans,* Counsel for the Public Service Commission.

OPINION BY HENDERSON, J., December 13, 1917:

This appeal was taken from the action of the Public Service Commission approving the incorporation of the Connoquenessing Lawrence Light and Power Company, organized under the Act of May 8, 1889, P. L. 136.  The appeal is by the Harmony Electric Company formed by the merger of several electric companies, one of which

was incorporated to supply the Borough of Ellwood City and the territory adjacent thereto. The appellant is not furnishing electricity in that borough but it claims that the incorporation of the proposed company is an infringement of its implied exclusive franchise to furnish electricity in the same territory. The evidence shows that the Connoquenessing Company has been formed as an auxiliary to the Pennsylvania Power Company, a water power company, exercising its rights as an electric company under the Act of 1895. This company has been supplying electricity in the Borough of Ellwood City for a number of years, its generating power being derived from Connoquenessing Creek. The lack of adequate power at all times rendered it expedient to use a steam plant for the production of electricity when there was a lack of water for that purpose. The evidence before the commission was to the effect that the new company was only intended to supplement the Pennsylvania Power Company, the two companies being under the same control, the new corporation being formed to meet the legal objection that the Pennsylvania Power Company as a water company was without legal capacity to produce electricity by steam power. It cannot be successfully contended that the action of the Public Service Commission in giving its approval to this charter was unlawful. Nor are we persuaded that it was unreasonable under the evidence. The question of the scope of the operation of the new company is not necessarily involved in its incorporation. The increase of the power of the Pennsylvania company is not a fact of which the appellant has standing to complain. It was engaged in business in that locality before the organization of the appellant company, and the matter of its service in competition with the appellant company is subject to the supervision of the Public Service Commission at all times. The evidence satisfied the commission of the propriety of its action, and we are not persuaded that the order complained of, which through

the new corporation permits the Pennsylvania Power Company to increase the supply of electricity which it is already distributing in that section of the State is unreasonable.

The order of the commission is therefore affirmed and the appeal dismissed at the cost of the appellant.